FILED

December 20, 2016

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time: 3:05 PM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | |
|---|---|
| SEVERIANO MENDEZ, ) | Docket No.: 2016-07-0055 |
| Employee, ) | |
| v. ) | |
| SERRA JACKSON AUTOMOTIVE, ) | State File No.: 88360-2014 |
| LLC, d/b/a SERRA CHEVROLET, ) | |
| Employer, ) | |
| And ) | |
| TN AUTOMOTIVE ASSOC. SELF ) | Judge Amber E. Luttrell |
| INSURERS TRUST, ) | |
| Insurance Carrier. ) | |

## ORDER GRANTING EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on November 30, 2016, upon Serra Jackson Automotive's (Serra) Motion for Summary Judgment filed pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. The central legal issue is whether Mr. Mendez has come forward with evidence at this summary judgment stage supporting the essential elements of his claim. For the reasons set forth below, the Court holds Serra is entitled to summary judgment.

### Procedural History

Mr. Mendez filed a Petition for Benefit Determination seeking medical and temporary disability benefits for an alleged injury to his back. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Mendez filed a Request for Expedited Hearing, and this Court heard the matter on May 11, 2015. At the Expedited Hearing, Mr. Mendez argued he needed additional medical treatment, specifically surgery, for his back. Serra countered Mr. Mendez has an extensive history of back injuries for which he closed his right to future medicals in prior workers' compensation settlements. Serra argued the medical evidence failed to establish Mr. Mendez needed any further medical treatment arising primarily out of his October 30, 2014 back injury.

1

Following the hearing, the Court issued an Expedited Hearing Order Denying Medical and Temporary Disability Benefits. The Court determined Dr. Brophy, the panel physician, offered the only medical opinion for Mr. Mendez's injury and opined no further medical treatment, including surgical intervention, is reasonable or necessary for Mr. Mendez's work injury. Dr. Brophy stated, "based on his ongoing symptoms, we reviewed the option of further evaluation through his personal insurance . . . to rule out instability which would not be considered related to his work injury." Pursuant to Tennessee Code Annotated section 50-6-102(14)(E), Dr. Brophy's opinion is afforded a presumption of correctness that is rebuttable only by a preponderance of the evidence. The Court held Mr. Mendez offered no medical proof to rebut Dr. Brophy's opinion; thus, he did not come forward with sufficient evidence from which the Court could determine he is likely to prevail at a hearing on the merits. Mr. Mendez did not appeal the Court's decision.

Mr. Mendez subsequently sought unauthorized medical treatment for his back and underwent surgery. He then filed a second Request for Expedited Hearing requesting temporary total disability benefits for his recovery period following surgery. The Court conducted a file review determination of Mr. Mendez's second expedited hearing request and denied the requested temporary disability benefits. The Court held Mr. Mendez did not come forward with any medical opinion causally relating his surgery or inability to work to his work injury at Serra. Mr. Mendez did not appeal the Court's decision.

Serra subsequently filed a Motion to Dismiss pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.14(3) (2015). In light of the Appeals Board holding in *Syph v. Food Choice Group, Inc.*, No. 2015-06-0288, 2016 TN Wrk. Comp. App. Bd. LEXIS 18 (Tenn. Workers' Comp. App. Bd. Apr. 21, 2016), the Court entered an Order directing Serra to file a motion in compliance with the Tennessee Rules of Civil Procedure. Serra then filed the instant Motion for Summary Judgment.

*Legal Principles and Analysis*

Motions for summary judgment are governed by Tennessee Code Annotated section 20-16-101 (2016) and Tennessee Rule of Civil Procedure 56. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Aside from Rule 56, in 2011, the Tennessee General Assembly codified the burden of proof applicable to a motion for summary judgment filed by a party who does not bear the burden of proof at trial as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

2

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2016); *Payne v. D and D Electric,* No. 2014-01-0023, 2016 TN Wrk Comp. App. Bd. LEXIS 21, at *7-8 (Tenn. Workers' Comp. App. Bd. May 4, 2016).

Thus, Mr. Mendez, as the nonmoving party, must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his] favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). In considering summary judgment, trial courts are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party. *Payne,* 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *12, *citing Martin v. Norfolk S. Ry Co.,* 271 S.W.3d 76, 84 (Tenn. 2008). However, Mr. Mendez must do more than simply show that there is some metaphysical doubt as to the material facts. *Rye,* at 265.

Prior to *Rye,* trial and appellate courts were required to assume that the nonmoving party faced with a motion for summary judgment might, by the time of trial, produce evidence to support the nonmoving party's claim. *See Rye,* 477 S.W.3d at 261. However, with the passage of Tennessee Code Annotated section 20-16-101 and reexamination of the summary judgment standard in *Rye,* the burden falls to Mr. Mendez to produce evidence to establish the essential elements of his claim in response to the motion for summary judgment. "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage,* not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* at 265 (emphasis added). Thus, in this case, Serra's summary judgment motion requires Mr. Mendez to submit evidence establishing the essential elements of his workers' compensation claim.

One of those elements Mr. Mendez must demonstrate is that his injury arose primarily out of and occurred in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2016). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the employment causing disablement or the need for medical treatment contributed more than 50% considering all causes. Tenn. Code Ann. § 50-6-102(14)(C) (2016). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes. Tenn. Code Ann.§ 50-6-102(14)(D) (2016). The authorized treating physician's opinion is presumed correct on the issue of causation, but this presumption shall be rebutted by a preponderance of the

3

evidence. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2016). Based on the following, the Court holds Mr. Mendez has not established this element of his claim.

Pursuant to Rule 56.03, Serra accompanied its motion for summary judgment with a statement of facts it asserted to be both material and undisputed, which were presented in separate numbered paragraphs. Serra's motion set forth the Court's holding at the first Expedited Hearing that Mr. Mendez failed to prove that the alleged injury contributed more than fifty percent in causing the disablement or need for medical treatment, considering all causes pursuant to Tennessee Code Annotated section 50-6-102(14)(c). Serra further argued that it, "negated an essential element of Employee's claim in that the only medical opinion before the Court [Dr. Brophy's] is that no additional medical treatment is necessary for and Employee retains no medical impairment due to the October 30, 2014, work injury."

Mr. Mendez filed a response opposing the motion; however, the Court finds the response submitted did not meet the technical requirements of Rule 56 in that Mr. Mendez did not file a response to each fact set forth by Serra in its statement of undisputed facts. Instead, Mr. Mendez filed a written response in which it appears he agreed in the first sentence to Serra's statement of undisputed material facts. Mr. Mendez stated, "In reference to all listed under this paragraph listed from the employer is true. I'm not going to repeat all that has already been written." In the response, Mr. Mendez renewed his request for temporary disability benefits following his unauthorized back surgery. Mr. Mendez submitted no medical evidence with his response causally relating his unauthorized surgery or subsequent inability to work with his alleged injury at Serra.

Applying the above standards, the Court holds Mr. Mendez has not come forward with evidence at this summary judgment stage to support an essential element of his claim for workers' compensation—medical causation. Dr. Brophy, the panel physician, opined that no further medical treatment, including surgical intervention, is reasonable or necessary for Mr. Mendez's work injury. Dr. Brophy stated, "Based on his ongoing symptoms, we reviewed the option of further evaluation through his personal insurance . . . to rule out instability which would not be considered related to his work injury." Dr. Brophy's opinion is presumed correct. Although this Court is fully cognizant of Mr. Mendez's sincerely held belief that his surgery and subsequent period of inability to work were caused by his work injury at Serra, his lay opinion alone cannot rebut the expert opinion of Dr. Brophy. *See Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015) ("Given that Employee offered no expert medical evidence to rebut [the authorized treating physician's] opinion, we conclude that the trial court erred in determining that Employee is likely to prevail at a hearing on the merits on the issue of medical causation."). The Court finds Mr. Mendez's response to Serra's Motion for Summary Judgment failed to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in his favor." *See Rye,* at 265. Thus, the Court holds

4

that Serra has demonstrated that Mr. Mendez's evidence is insufficient to establish an essential element of his claim.

Having carefully reviewed the evidence in a light most favorable to Mr. Mendez, this Court nonetheless concludes he failed to demonstrate that his evidence is sufficient at this summary judgment stage to establish an injury arising primarily out of and in the course and scope of the employment as is required for Mr. Mendez to prevail at trial. *See Rye,* 477 S.W.3d at 265.

Accordingly, Serra's Motion for Summary Judgment is granted and Mr. Mendez's claim is dismissed with prejudice. The costs of this cause are taxed to Serra pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 to be paid within five days of the entry of this order. In addition, Serra shall prepare and submit the SD-1 for this matter within ten days of the date of judgment.

**IT IS SO ORDERED.**

**ENTERED this the 20th day of December, 2016.**

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment

must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2016).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2016).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 20th day of December, 2016.

| Name | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|
| Severiano Mendez, Self-Represented Employee | X | X | jmarygtez@charter.net<br>7 Edgehill Dr.<br>Jackson, TN 38301 |
| Jennifer Orr-Locklin, Esq., Employer's Counsel | | X | Jennifer.locklin@farrar-bates.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**